## McCoy v. McCoy.

Bill by husband against wife for a divorce, on the ground of abandonment by the wife. It was proved, at the hearing, that a separation had taken place, and the wife had afterwards said she did not intend to live again with the husband; but it did not appear which party had abandoned the other. *Held,* that the bill was properly dismissed.

ERROR to the *Putnam* Circuit Court.

SMITH, J.—This was a bill filed by *James H. McCoy* against his wife to obtain a divorce on the alleged ground of abandonment. The Circuit Court heard the proof and dismissed the bill.

Three witnesses were examined on the part of the complainant, the defendant having made default. These witnesses stated that the parties were married in *December,* 1846, and lived together nearly two years, having one child during the marriage. That in *October,* 1848, the

complainant brought the child to his father's house and the parties did not live together afterward. That the defendant had been to see the child but twice since the separation. That while living together the complainant treated the defendant kindly, and provided for her as well as his circumstances enabled him, and about as well as persons in his condition in the neighborhood provided for their families; and that since the separation the defendant had been supporting herself by working from house to house in the neighborhood. Two of the witnesses stated that they had heard the defendant say, at different times, that she did not intend to live with the complainant again, but made no complaint of his conduct, except that at one time, when she was sick, she thought he had neglected her.

We think this evidence was not sufficient to authorize a decree for the complainant. It does not appear which party abandoned the other. It is, perhaps, sufficiently proved that there was a separation, and that the wife had afterward said that she did not intend to live again with her husband, but it may have been the case that he had abandoned her. None of the witnesses say anything about the facts which occurred at the time of the separation. One of them, a brother of the complainant, said he did not know of the separation of the parties until four or five days after it had occurred, when the complainant came with his child to the house of his father, where the child had remained ever since. This does not show which of the parties was in fault, and it is the only evidence from which the cause of the separation can be inferred.

*Per Curiam.*—The decree is affirmed with costs.

*J. Cowgill*, for the plaintiff.

*D. S. Gooding*, for the defendant.